**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30111 |
| Plaintiff-Appellee, | D.C. No. 6:12-cr-00638-AA |
| v. | |
| WILSON LEE CLOW, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 15, 2018[**]

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Wilson Lee Clow appeals from the district court's judgment and challenges the 24-month sentence imposed following his jury-trial convictions for selling firearms to a prohibited person, in violation of 18 U.S.C. § 922(d), and false statements during the sale of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Clow contends his sentence is substantively unreasonable because the district court focused too heavily on punishment and ignored his history of public service and other mitigating circumstances. He also suggests that the Guidelines range was unfairly inflated based on his decision to go to trial. The district court did not abuse its discretion in imposing Clow's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Clow's argument, the court took explicit account of Clow's history of service, and community and family ties. The court also acknowledged Clow's medical problems. It did not punish Clow's decision to go to trial, but rather reasonably treated Clow's decision to perjure himself at trial, in combination with his decision to threaten one of the government's witnesses, as aggravating factors. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the below-Guidelines sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-30111